1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD W. DEMARTHRA, JR.,                    No.  2:16-cv-0790 TLN AC P

12                    Petitioner,

13          v.                                      ORDER

14   PEOPLE OF THE STATE OF
     CALIFORNIA,
15
                     Respondent.
16

17          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

19          Examination of the in forma pauperis application reveals that petitioner is unable to afford

20   the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

21   28 U.S.C. § 1915(a).

22          The instant petition challenges petitioner's conviction in Sacramento County Superior

23   Court for assault with a deadly weapon and related offenses.  ECF No. 1 at 2.  The petition sets

24   forth three grounds for relief.  In Grounds One and Two, petitioner asserts that the admission of

25   the complaining witness' preliminary hearing testimony, in lieu of his live testimony at trial,

26   violated petitioner's Sixth and Fourteenth Amendment rights.  See id. at 3-4.  Ground One alleges

27   that the prosecution failed to show that the witness was unavailable at trial, while Ground Two

28   alleges that petitioner did not have the opportunity to cross examine the witness during the

                                             1

1   preliminary hearing.  See id.  In Ground Three, petitioner asserts that there was insufficient

2   evidence to support his conviction for assault.  Id. at 6.

3       The petition indicates that all of the above grounds were raised on direct appeal, and that

4   Grounds One and Two were included in the petition for review filed in the California Supreme

5   Court.  See ECF No. 1 at 7.  However, petitioner did not list Ground Three (insufficiency of the

6   evidence to support the assault conviction) as one of the issues raised in his petition to the

7   California Supreme Court.  See id.  Accordingly, it is not clear whether Ground Three is

8   exhausted.

9       Petitioner is advised that the exhaustion of state court remedies is a prerequisite to the

10   granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be

11   waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver

12   of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion

13   requirement by providing the highest state court with a full and fair opportunity to consider all

14   claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);

15   Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

16       Thus, if Ground Three *has* been presented to the California Supreme Court, then Ground

17   Three is likely exhausted.

18       However, if Ground Three *has not* been presented to the California Supreme Court, then

19   Ground Three is unexhausted, and petitioner's options are: (1) to seek a stay of all claims pending

20   exhaustion of Ground Three; (2) to voluntarily dismiss Ground Three and seek a stay of Grounds

21   One and Two only pending exhaustion of Ground Three; or (3) to dismiss Ground Three and

22   proceed on Grounds One and Two without a stay.

23       If petitioner wishes the petition to be maintained as a mixed petition of both exhausted and

24   unexhausted claims, he may seek a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  In

25   Rhines, the United States Supreme Court found that a stay and abeyance of a mixed federal

26   petition should be available only in the limited circumstance that (1) good cause is shown for a

27

---

28   [1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
2254(b)(2).

1    failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially

2    have merit, and (3) there has been no indication that petitioner has intentionally delayed pursuing

3    the litigation.  Id., at 277-78.

4           Alternatively, petitioner may seek to stay an exhausted-claims-only petition pursuant to

5    Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir.

6    2009) (citing three-step procedure of Kelly).  Pursuant to the Kelly procedure, the court may stay

7    a petition containing only exhausted claims while allowing the petitioner to proceed to state court

8    to exhaust additional claims.  Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under a Kelly

9    stay is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the

10   court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner

11   the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later

12   amends his [federal] petition" to reincorporate the newly exhausted claims.  Id.  The Kelly stay-

13   and-abeyance procedure has no requirement of a good cause showing or that the claims are

14   potentially meritorious.  However, using the Kelly procedure means that any newly exhausted

15   claims later added to the federal petition by amendment must relate back to the claims in the

16   stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing

17   to protect a petitioner's unexhausted claims from untimeliness in the interim."  Id. at 1141.

18          In the event petitioner chooses to voluntarily dismiss Ground Three and proceed on an

19   exhausted-claims-only petition without a stay, he is cautioned that any future attempt to amend

20   the petition to add newly-exhausted claims might face challenges based on timeliness, the

21   limitations applicable to second or successive petitions, and/or other procedural hurdles,

22   depending on the circumstances.

23          Directions to Petitioner

24          Within twenty-eight days from the date of this order, petitioner must file a notice with the

25   court indicating whether Ground Three is exhausted.  In other words, **petitioner must tell the**

26   **court whether Ground Three (insufficiency of the evidence to support the assault**

27   **conviction) was included in the petition for review filed in the California Supreme Court.**

28

If Ground Three *was* presented to the California Supreme Court, then Ground Three is likely exhausted, and the court will order service of the petition as is.

If Ground Three *was not* presented to the California Supreme Court, petitioner must inform the court as to how he wants to proceed.  If petitioner wants to stay this case while exhausting Ground Three in state court, he must specify whether he seeks a stay under <u>Rhines</u> or under <u>Kelly</u>.  If he wishes to proceed in this court on a mixed petition, he must file a motion for a stay addressing the <u>Rhines</u> factors, showing good cause for his failure to have first exhausted Ground Three in state court, that the claims potentially have merit, and that there is no evidence he has intentionally delayed pursuing the litigation.  In the alternative, petitioner may request a <u>Kelly</u> stay.  As previously noted, a <u>Kelly</u> stay does not guarantee the timeliness of claims exhausted in the future and then re-presented to this court.

If petitioner fails to respond to this order, the court will proceed to order service of the petition without a stay.  If it becomes apparent that Ground Three is unexhausted, it is likely that Ground Three will ultimately be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to proceed in forma pauperis is granted (ECF No. 7);

2.  Within twenty-eight days from the filing date of this order, petitioner shall file a notice with the court indicating whether Ground Three is exhausted.  If Ground Three is unexhausted, petitioner shall inform the court how he wishes to proceed as to Ground Three.

3.  If petitioner seeks a stay, within twenty-eight days of the filing date of this order, petitioner shall file a motion for a stay in accordance with this order.

DATED: May 16, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4