# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD W. DEMARTHRA, JR., <br><br> Petitioner, <br><br> v. <br><br> PEOPLE OF THE STATE OFCALIFORNIA, <br><br> Respondent. | No. 2:16-cv-0790 TLN AC P <br><br> FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as a "mixed petition." ECF No. 14. In response, petitioner requests that the unexhausted claim be "stricken" and that this action proceed on the exhausted claims. ECF No. 16. For the reasons outlined below, the undersigned recommends that respondent's motion to dismiss be granted only as to petitioner's unexhausted claim (Ground 3).

The habeas petition challenges petitioner's conviction in Sacramento County Superior Court for assault with a deadly weapon and related offenses. ECF No. 1 at 2. The petition sets forth three grounds for relief. In Grounds One and Two, petitioner asserts that the admission of the complaining witness' preliminary hearing testimony, in lieu of his live testimony at trial, violated petitioner's Sixth and Fourteenth Amendment rights. See id. at 3-4. Ground One alleges

1

that the prosecution failed to show that the witness was unavailable at trial, while Ground Two alleges that petitioner did not have the opportunity to cross examine the witness during the preliminary hearing. See id. In Ground Three, petitioner asserts that there was insufficient evidence to support his conviction for assault. Id. at 6.

In an order filed May 17, 2016, the court found that the petition indicated that all of the above grounds were raised on direct appeal, and that Grounds One and Two were included in the petition for review filed in the California Supreme Court. See ECF No. 8 at 2. The court found, however, that petitioner did not list Ground Three (insufficiency of the evidence to support the assault conviction) as one of the issues raised in his petition to the California Supreme Court. See id. The court directed petitioner to file a notice with the court indicating whether Ground 3 is exhausted. See id. at 2-4. The court explained to petitioner that if Ground 3 is not exhausted, his options were to (1) to seek a stay of all claims pending exhaustion of Ground Three; (2) to voluntarily dismiss Ground Three and seek a stay of Grounds One and Two only pending exhaustion of Ground Three; or (3) to dismiss Ground Three and proceed on Grounds One and Two without a stay. See id. at 2.

Petitioner did not respond to the May 17, 2016 order, and the court directed respondent to file a response to petitioner's habeas petition. ECF No. 9. On December 2, 2016, respondent filed a motion to dismiss the petition on the ground that it is a "mixed petitioner" because Ground Three is unexhausted. ECF No. 14. Petitioner has now requested that Ground Three be dismissed and that this habeas action proceed on Grounds One and Two. ECF No. 16.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

The documents submitted by respondent demonstrate that Ground Three is in fact unexhausted. Grounds One, Two, and Three were raised on direct appeal in the Third District Court of Appeal. Lodged Doc. 1. Grounds One and Two were included in the petition for review filed in the California Supreme Court.[2] Lodged Doc. 3. However, petitioner did not include Ground Three (insufficiency of the evidence to support the assault conviction) as an issue presented to the California Supreme Court for review. See id. Accordingly, Ground Three is unexhausted.

The court will recommend that respondent's motion to dismiss be granted only as to petitioner's unexhausted claim (Ground Three). This habeas action will proceed only on petitioner's properly exhausted claims (Grounds One and Two).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted in part;

2. The following claim and any included sub-claims be dismissed as unexhausted: Ground Three;

3. Respondent be directed to file a response to petitioner's habeas petition addressing the remaining, properly exhausted claims (Grounds 1 and 2) within sixty days from the date of any order adopting these findings and recommendations. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, Fed. R. Governing § 2254 Cases; and

4. Petitioner be directed to file a reply, if any, within thirty days after service of the answer.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[2] On February 11, 2015, the California Supreme Court denied the petition for review. Lodged Doc. 2.

3

objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings and Recommendations." A copy of any objections filed with the court shall also be served on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 14, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE